COMMERCIAL BANK *vs.* GOVE.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Notice of protest " left at the office of the defendant, *he not being in*," is sufficient to bind him as endorser.

This is an action against the maker and endorsers of a promissory note, duly protested; and the notary certifies that he delivered notice of protest to the first endorser and payee, in person; and left notice for the defendant, who is the second endorser, " at his office, he not being in." The defendant pleaded a general denial. The others made default. There was judgment against all the defendants *in solido,* and the second endorser appealed.

*C. M.* and *F. B. Conrad,* for the plaintiffs.

*Durell,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment against him as endorser, and seeks its reversal on the ground of irregularity and insufficiency of notice of protest.

EASTERN DIST.

*March,* 1840.

COMMERCIAL
BANK
*vs.*
GOVE.

The certificate of the notary shows that "notice was left at the office of the defendant, he not being in."

We are of opinion the inferior court did not err.

It has been held, and is so laid down in *Bayley on Bills,* edition of 1826, page 176, " that sending a verbal notice to a man's place of business at a time when he or some of his people might be reasonably expected to be there, is sufficient; and that it is not necessary to send or leave a *written* notice ; or to send to the house where he lives."

In this case the notary called and delivered the notice at the *office* of the defendant.

In New-York, it was deemed sufficient notice to the endorser, where he had shut up his house in town temporarily and retired to his country-house, to put the notice in the key-hole of the house in town.    *Stewart* vs. *Eden,* 2 *Cain's Reports,* 121.

Chancellor Kent says, " the notice in all cases is good if left at the dwelling-house of the party in a way reasonably calculated to bring the knowledge of it home to him ; and if the house be shut up by a temporary absence, still the notice may be left there."    3 *Kent's Commentaries,* 107.

If a person has an office where he transacts business, there is no place where notice may be more safely left, to bring the knowledge of it home to him, than there.    We conclude, therefore, that service of notice was properly made in this case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed with costs.